IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MISTER SOFTEE, INC.<br>901 E. Clements Bridge Rd.<br>Runnemede, NJ 08078,<br><br>MISTER SOFTEE OF QUEENS, INC.<br>215-04 Hempstead Avenue<br>Queens Village, NY 11429<br><br>      Plaintiffs,<br> v.<br><br>SILIS, INC.<br>24-60 Crescent Street<br>Astoria, NY  11356,<br><br>REMOHADA, INC.<br>20-03 23rd Street<br>Astoria, NY 11105,<br><br>GUS ANTHONY TOUFOS<br>2102 123rd Street<br>College Point, NY 11356,<br><br>JOHN SILVER, LLC<br>6 Beverly Road<br>Port Washington, NY 11105,<br><br>and<br><br>JOHN ARGYROS<br>6 Beverly Road<br>Port Washington, NY 11105,<br><br>      Defendants. | CIVIL ACTION NO. |

## CIVIL ACTION - COMPLAINT

### INTRODUCTION

1. Plaintiffs Mister Softee, Inc. and Mister Softee of Queens, Inc. ("Mister Softee") bring this action against the above captioned defendants who are operating ice

cream trucks using Mister Softee's trademarks and trade dress without Mister Softee's authorization. Mister Softee brings this action to protect the public, who are being deceived and confused by the Defendants as a result of Defendants' unlawful use of Mister Softee's trademarks.  Mister Softee also brings this action to protect the goodwill associated with its trademarks and trade dress, and to protect Mister Softee's franchisees who are being harmed as a result of the Defendants' unauthorized use of Mister Softee's trademarks.  Because the Defendants are not affiliated with Mister Softee, Mister Softee has no ability to ensure that Defendants are storing and dispensing their ice cream and other food products in compliance with applicable health standards and laws. Furthermore, Defendants, by infringing Mister Softee's trademarks, are unfairly competing with Mister Softee's franchisees, all of whom paid and continue to pay royalty fees for the right to use Mister Softee's trademarks.

## THE PARTIES

2.     Plaintiff Mister Softee is a New Jersey corporation with an address at 901 E. Clements Bridge Road, Runnemede, New Jersey 08078. Mister Softee owns various trademarks including the trademark "Mister Softee" and the trade dress comprising the distinctive look of the Mister Softee mobile soft ice cream truck.

3.     Plaintiff Mister Softee of Queens, Inc. ("MSQ") is a New York corporation with a principal place of business at 215-04 Hempstead Avenue, Queens Village, New York 11429.  MSQ is a sub-franchisor of Mister Softee, and has the exclusive right to sell Mister Softee franchises in a designated region under a Distributor Agreement with Mister Softee. Pursuant to the Distributor Agreement, MSQ was granted the right to use, and license others the right to use, Mister Softee's federally registered trademarks, trade dress and proprietary

business system in conjunction with the offering and sale of franchises in certain areas, including Queens, NY and the surrounding area.

4. Defendant Silis, Inc. ("Silis") is a New York corporation with an address as set forth in the caption that operates an infringing ice cream truck business in and around Queens County, New York.

5. Defendant Remohada, Inc. ("Remohada") is a New York corporation with an address as set forth in the caption that operates an infringing ice cream truck business in and around Queens County, New York.

6. Defendant Gus Anthony Toufos ("Toufos") is an individual with an address as set forth in the caption that operated an infringing ice cream truck business in and around Queens County, New York.

7. Defendants John Silver, LLC and its principal John Argyros (collectively referred to as "JSL") operate an infringing ice cream business in and around Queens County, New York. John Silver, LLC is a New York limited liability company and John Argyros is an individual that share an address as set forth in the caption.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that plaintiffs' claims against each defendant are based upon trademark and trade dress infringement under the Lanham Act, 15 U.S.C. §1051 et seq.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) in that all defendants reside in this judicial district and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this

Complaint occurred in this judicial district. The defendants operate their ice cream trucks in this judicial district.

## NATURE OF THE ACTION

10. Plaintiffs bring this action as a result of the Defendants' unauthorized use of Mister Softee's federally registered trademarks and trade dress without Mister Softee's authorization.

## THE MISTER SOFTEE SYSTEM

11. Mister Softee is a family owned business that has been in operation since 1956. Mister Softee is the franchisor of Mister Softee mobile ice cream truck businesses that sell soft-serve ice cream, hard ice cream, frozen desserts, novelties, stick items and other products.

12. Mister Softee franchisees are licensed to use Mister Softee's trade names, service marks and trademarks and to operate under the Mister Softee business system, using specially designed mobile trucks with special equipment, equipment layouts, interior and exterior accessories, menu displays, identification schemes, products, management programs, standards, specifications, proprietary marks and information. The relationship between Mister Softee and its franchisees is governed by the terms and conditions of the Mister Softee Dealer Franchise Agreement entered into between Mister Softee and each franchisee.

## THE TRADEMARKS AND TRADE DRESS

13. Mister Softee owns the trademarks "Mister Softee" and related logos which are registered on the Principal Register of the United States Patent and Trademark Office at Registration Nos. 2128918 and 0667335 and 0663456 (the "Mister Softee Logos"). Mister Softee also owns and has registered a sensory mark which consists of the Mister Softee

4

musical jingle at Registration No. 2218017 (the "Mister Softee Sonic Mark"). Additionally, Mister Softee owns a federal trademark registration for the overall design of the Mister Softee ice cream truck, registered on the Principal Register of the United States Patent and Trademark Office at No. 2906357 (the "Mister Softee Truck Design"). Mister Softee also created and uses the marks "Tu-Tone Cone", "Twinkletop Conehead", "Cherry Top Conehead", "Chocolate Top Conehead" and "Devil's Delight Conehead". The term "Conehead" refers to Mister Softee's cartoon logo of an ice cream cone with a smiling face and bow tie. (The Mister Softee Logos, Mister Softee Sonic Mark and Mister Softee Truck Design are collectively referred to as the "Mister Softee Marks")

14. Only authorized licensees are permitted to use Mister Softee's federally registered trademarks, trade dress and proprietary business system.

15. Since 1956, Mister Softee and its franchisees have continuously used and advertised Mister Softee's trademarks, trade names, trade dress and musical jingle throughout the region. Mister Softee's trademarks, trade names, trade dress and musical jingle distinguish its business and its franchises from similar businesses and are widely known and recognized by consumers. Mister Softee first began using its marks and trade dress in 1956 and first registered some of the above marks in 1958. The Mister Softee musical jingle was composed in 1960.

### THE DISTINCTIVE NATURE OF MISTER SOFTEE TRUCKS

16. Mister Softee trucks are inherently distinctive in appearance (the "Mister Softee Truck"). The design and appearance of Mister Softee Truck is not arbitrary and nonfunctional. Each Mister Softee Truck has, among others, the following distinctive appearance and characteristics:

  a. Mister Softee Trucks are white with a blue trim which borders the bottom of each truck. The wheels on Mister Softee Trucks are also blue.

  b. The front of the trucks contains the statement "The Very Best" above the name "Mister Softee", both of which are in red cursive print.

  c. The sides of Mister Softee Trucks are labeled with the words "Delicious Shakes" and "Sundaes" in red cursive print above which are painted pictures of a shake and a sundae, respectively.

  d. Above the blue trim on the sides of the Mister Softee Truck are the words "Shakes", "Sundaes", and "Cones" in blue, block, capital letters which have a green, frost-like trim.

  e. The sides of Mister Softee Trucks also contain a distinctive cartoon logo (the "Cartoon Character") depicting a soft serve ice cream cone with a smiley face and bow tie. The Cartoon Character appears under the red script words "Mister Softee". The trademark for this logo is registered on the Principal Register of the United States Patent and Trademark Office at Registration No. 0667335.

  f. Each side of a Mister Softee Truck contains a sliding glass window used to service customers.

  g. A menu display in each side window contains the name "Mister Softee" in red cursive print. The menu display advertises various ice cream products and their prices.

  h. The menu display contains the Cartoon Character.

  i. The display windows also contain designed advertisements printed on plastic for specialty products including, but not limited to, "Devil's Delight

Conehead," "Cherry Top Conehead," "Chocolate Top Conehead," "Twinkletop Conehead," "Banana Boat," "Strawberry Sundae," "Hawaiian Pineapple Sundae," "Chocolate Nut Sundae," "Cherry Sundae," "Chocolate Sundae," "Tu-Tone Cone," and "Cart Wheel". The name "Mister Softee" is printed on the cups pictured in the menu display.

        j.      The trucks also contain a designed advertisement in red, white and blue colors which states "Shakes" and displays a shake container with "Mister Softee" written at the top and with the Cartoon Character.

        k.      Attached to the driver's side of Mister Softee Trucks is a sign that extends out for other vehicles to see which provides a safety warning.

        l.      The top rear of Mister Softee trucks contains the statement "Watch For Our Children SLOW!"

        m.      The bottom rear of Mister Softee Trucks contains the Cartoon Character and cartoon drawings of a boy and a girl with safety belts that read "Safety Club."

      17.      When Mister Softee enters into a franchise agreement with each new franchisee, Mister Softee provides the new franchisee with a decal pack that includes the above referenced elements.

      18.      Each of these elements make an authentic Mister Softee Truck unique and distinctly identifiable to the consuming public as a Mister Softee mobile ice cream business.

      19.      Pictures showing an authentic Mister Softee Truck bearing the Mister Softee Marks are attached hereto as Exhibit "A".

20. Mister Softee Trucks solicit business by traveling through various neighborhoods and playing the Mister Softee Sonic Mark. Mister Softee's customer base predominately comprises young children.

### THE INFRINGERS

#### Defendant Silis, Inc.

21. Defendant Silis' truck (NY PL # 29964-KA) infringes upon the Mister Softee Marks in that:

    a. the truck is white with a blue trim which borders the bottom of the truck;

    b. the side of the truck contains the authentic Mister Softee decals of a sundae and milk shake;

    c. the side of the truck contains a sliding glass window used to service customers; and

    d. a menu display in the sliding window is confusingly similar to the one used by Mister Softee franchises.

22. True and correct copies of printouts reflecting Defendant Silis' DMV registrations for the truck, and copies of pictures of the truck are attached as Exhibit "B."

23. On July 25, 2013, Mister Softee sent a cease and desist to Defendant Silis at the address that appears on the vehicle's DMV registration. Defendant Silis has not responded to the letter.

#### Defendant Remohada, Inc.

24. Defendant Remohada's truck (NY PL # 98919-MB) infringes upon the Mister Softee Marks in that:

    a. the truck is white with a blue trim which borders the bottom of the truck;

    b. the side of the truck contains the decals of a sundae made to resemble the authentic Mister Softee decals;

    c. above the blue trim on the side of the truck are the decals of the words "Cones," "Sundaes" and "Shakes";

    d. the side of the truck contains a sliding glass window used to service customers;

    e. a menu display in the sliding window is confusingly similar to the one used by Mister Softee franchises; and

    f. a warning sign extends from the driver's side of the truck.

  25. True and correct copies of printouts reflecting Defendant Remohada's DMV registrations for the truck, and copies of pictures of the truck are attached as Exhibit "C."

  26. On July 25, 2013, Mister Softee sent a cease and desist to Defendant Remohada at the address that appears on the vehicle's DMV registration. Defendant Remohada has not responded to the letter.

### Defendant Gus Anthony Toufos

  27. Defendant Toufos is operating a truck (NY PL #77870-MB) which infringes upon the Mister Softee Marks in that:

    a. the truck is white with the decals of the words "Cones," "Sundaes" and "Shakes";

    b. the side of the truck contains the decals of a sundae and a milk shake;

9

      c.      above the blue trim on the side of the truck are the decals of the words "Cones," "Sundaes" and "Shakes";

      d.      the side of the truck contains a sliding glass window used to service customers;

      e.      a warning sign extends from the driver's side of the truck; and

      f.      a menu display in the sliding window is confusingly similar to the one used by Mister Softee franchises.

28. True and correct copies of printouts reflecting Defendant Toufos' DMV registrations for the truck, and copies of pictures of the truck are attached as Exhibit "D."

29. On July 25, 2013, Mister Softee sent a cease and desist to Defendant Toufos at the address that appears on the vehicle's DMV registration. Defendant Toufos has not responded to the letter.

**Defendants John Silver, LLC and John Argyros**

30. Defendants JSL are operating a truck (NY PL # 59555-MA) which infringes upon the Mister Softee Marks in that:

      a.      the truck is white with a blue trim which borders the bottom of the truck;

      b.      the mark "Mister Softee" appears on the side of the truck;

      c.      the Cartoon Character appears on the side of the truck;

      d.      the side of the truck contains the decals of a sundae and a milk shake;

      e.      above the blue trim on the side of the truck are the decals of the words "Cones," "Sundaes" and "Shakes";

      f.    the side of the truck contains a sliding glass window used to service customers;

      g.    a warning sign extends from the driver's side of the truck; and

      h.    a menu display in the sliding window is confusingly similar to the one used by Mister Softee franchises.

31. True and correct copies of printouts reflecting JSL's DMV registrations for the truck, and copies of pictures of the truck are attached as Exhibit "E."

32. John Argyros is a Mister Softee franchisee who resides at the same address as JSL uses to register the vehicle.

33. John Argyros is not licensed to use the Mister Softee trademarks in connection with the truck registered to JSL.

34. JSL is a shell limited liability company used by John Argyros to cover up the fact he is illegally operating an ice cream truck using the Mister Softee trademarks without authorization from Mister Softee.

35. On August 15, 2013, Mister Softee sent a cease and desist to Defendants JSL at the address that appears on the vehicle's DMV registration. Defendant JSL has not responded to the letter.

## COUNT I

**Trademark and Trade Dress Infringement and Unfair Competition**

36. Plaintiffs incorporate the forgoing averments as if fully set forth herein.

37. Defendants have utilized and benefited from the Mister Softee Marks in the operation of their mobile ice cream truck businesses without MSQ's or Mister Softee's

permission and with the knowledge that MSQ and Mister Softee have not consented to their use of the Mister Softee Marks.

38. Defendants willfully intended to trade on Mister Softee's reputation and cause dilution of the Mister Softee Marks.

39. Defendants are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, et seq. Defendants' use of Mister Softee's Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to their being affiliated, connected or associated with MSQ and/or Mister Softee in violation of 15 U.S.C. §1125(a). Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

40. Defendants' continued operation of their mobile ice cream trucks also causes dilution of Mister Softee's famous marks in violation of 15 U.S.C. §1125(c).

41. Defendants' continued operation as set forth above has caused and will cause Plaintiffs irreparable injury in that customers are being deceived by the Defendants as a result of Defendants selling ice cream and related products from trucks unlawfully identified as Mister Softee trucks; Plaintiffs will have difficulty franchising Defendants' trading areas, which includes the area Mister Softee granted MSQ exclusive rights; business will be diverted from Mister Softee's Marks in the Designated Region; Mister Softee's Marks will be diluted and taken from Mister Softee's control; and Plaintiffs will lose profits and revenues which, because of Defendants' conduct, cannot be readily calculated.

42. Additionally, because Defendants are not affiliated with Mister Softee or MSQ, Plaintiffs have no ability to ensure that Defendants are storing and dispensing their ice cream products in compliance with applicable health standards and laws. As a result,

customers may become ill if the ice cream is not properly stored and dispensed and the trucks and equipment are not operated in a sanitary manner.

43. Plaintiffs have no adequate remedy at law because Plaintiffs cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under the Mister Softee Marks as a result of Defendants' conduct.

44. Plaintiffs' immediate and irreparable harm will continue unless Defendants are enjoined from continuing to use of the Mister Softee Marks.

**WHEREFORE,** Mister Softee of Queens, Inc. and Mister Softee, Inc. demand judgment in their favor and against the Defendants as follows:

a. A preliminary and permanent injunction enjoining the Defendants and their agents, employees and any person acting in concert with them from using the Mister Softee Marks or any colorable imitation in any manner whatsoever;

b. An accounting of and judgment for the profits to which Mister Softee may be entitled;

c. Treble damages pursuant to 15 U.S.C. § 1117;

d. An order requiring the Defendants to deliver and/or destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. §1118;

e. Punitive Damages;

f. Attorneys' fees;

g. Costs of this action; and

      h.      Such further relief as this Court deems just and proper.

Date: August 27, 2013      By:___/s/ Eric Adler_____

      Eric Adler
      Adler Vermillion & Skocilich LLP
      45 Main St. #500
      Brooklyn, NY 11201
      T: (347) 620-5291
      Attorneys for Plaintiffs

      Jeffrey Zucker (pro hac vice motion to be filed)
      Frank A. Reino (pro hac vice motion to be filed)
      Fisher Zucker LLC
      21 South 21st Street
      Philadelphia, PA 19103
      T: (215) 825-3100
      Attorneys for Plaintiffs