UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MISTER SOFTEE, INC., and MISTER
SOFTEE of QUEENS, INC.,

        Plaintiffs,

        v.

SILIS, INC., REMOHADA, INC., and
GUS ANTHONY TOUFOS,

        Defendants.
----------------------------------------------------------X

Not for Publication

**MEMORANDUM AND ORDER**
13–CV–4829 (JMA)

A P P E A R A N C E S:

Gerald Derevyanny
Adler Vermillion & Skocilich LLP
45 Main St, #500
Brooklyn, NY 11201
    *Attorneys for Plaintiffs*

**AZRACK, United States District Judge**:

On August 28, 2013, plaintiffs Mister Softee, Inc. ("Mister Softee") and Mister Softee of Queens, Inc. (collectively, "plaintiffs") filed this action for trademark infringement pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq. (See generally Compl., ECF No.1.) Plaintiffs allege that defendants Silis, Inc. ("Silis"), Remohada, Inc. ("Remohada"), and Gus Anthony Toufos ("Toufos") operated ice cream trucks that infringed Mister Softee's federally registered trademarks and trade dress without authorization.[1] (Compl. ¶ 1.) Silis, Remohada, and Toufos (collectively, "defendants") were properly served with the complaint, but have not appeared in this action. Accordingly, the Clerk of Court entered their defaults. (Entry of Default for Silis & Remohada on Oct. 15, 2013; Entry of Default for Toufos on Nov. 7, 2013.)

---

[1] Plaintiffs dismissed without prejudice claims against two other defendants named in the complaint. (Not. of Voluntary Dismissal, ECF No. 13.)

Currently pending is plaintiffs' motion for a default judgment against defendants. Plaintiffs request that the Court enter permanent injunctions against defendants and award plaintiffs attorneys' fees and costs. The Honorable Sandra L. Townes referred this matter to me for a report and recommendation. (Feb. 25, 2014 Order of Referral, ECF No. 16.) After my appointment as a District Judge, this case was reassigned to me. (Jan. 13, 2015 Order Reassigning Case.) For the following reasons, the Court enters the permanent injunctive relief requested by plaintiffs and awards plaintiffs $7,337 in attorneys' fees and $1444.86 costs.

## I. BACKGROUND

Mister Softee owns the trademarks and trade dress that comprise the distinctive look of the Mister Softee mobile ice cream truck. (Compl. ¶ 2.) Mister Softee of Queens, Inc. is a sub-franchisor of Mister Softee. (Id. ¶ 3.) Mister Softee's trademarks include "Mister Softee" and related logos as well as a trademark for the overall design of the Mister Softee ice cream truck. (Id. ¶¶ 2, 13.) Attached to the complaint are photographs of an authentic Mister Softee truck. (Id., Ex. A.)

Defendants operated ice cream trucks in and around Queens County, New York. (Id. ¶¶ 4–6.) Attached to the complaint are photographs of defendants' ice cream trucks along with accompanying registration documents indicating that each of the trucks are registered at Queens addresses. (Id. Exs. B–D.) Defendants' trucks display various features of Mister Softee's trademarks and trade dress. (Id.; Id. ¶¶ 21–29.) Plaintiffs did not authorize defendants to use Mister Softee's trademarks or trade dress. For this reason, the plaintiffs sent defendants cease and desist letters, which defendants subsequently ignored. (Id. ¶¶ 23, 26, 29.)

## II. DISCUSSION

### A. Default Judgment Standard

In order to obtain a default judgment, the allegations in the complaint must establish, as a matter of law, the non-moving party's liability. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). Where, as here, the Clerk of Court has entered a party's default, the court must accept as true all well-pleaded allegations in the complaint. Au Bon Pain Corp., 653 F.2d at 65.

### B. Permanent Injunctive Relief

To obtain a permanent injunction, the plaintiffs must establish (1) success on the merits and (2) a risk of irreparable harm. See Lobo Enters., Inc. v. Tunnel, Inc., 822 F.2d 331, 333 (2d. Cir. 1987). In a trademark infringement case, establishing success on the merits also establishes a risk of irreparable harm. See Cartier, Inc. v. Four Star Jewelry Creations, Inc., 348 F. Supp. 2d 217, 240 (S.D.N.Y. 2004).

To establish success on the merits on a claim for injunctive relief under the Lanham Act, plaintiffs must establish ownership of a valid trademark, and that defendants' use of plaintiffs' mark is likely to create confusion regarding the source of the product. See id.; U2 Home Entertainment, Inc. v. Fu Shun Wang, 482 F. Supp. 2d 314, 319–20 (E.D.N.Y. 2007) (granting permanent injunction for trademark infringement after defendant defaulted). In determining whether a likelihood of confusion exists, "courts look to a range of indicia . . . including the strength of the mark at issue, the relatedness and proximity of the services, marketing channels used, actual confusion, likely degree of purchaser care, the sophistication of the customers, and the defendant's good faith in selecting the mark." Lobo Enters., Inc., 822 F.2d at 333.

Plaintiffs' allegations and evidence establish a likelihood of confusion resulting from the defendants' use of marks substantially similar to Mister Softee's trademarks and trade dress.

3

Mister Softee's marks, which are registered with the Patent and Trademark Office and have been in use since 1956, are strong. There is a high degree of similarity between a Mister Softee truck and defendants' trucks. Furthermore, plaintiffs have no way to ensure that: (1) defendants' ice cream products meet Mister Softee's quality expectations; or (2) defendants store and dispense ice cream in compliance with the applicable health codes and regulations. Finally, Mister Softee's primary customer base is young children who could be very easily confused by defendants' use of Mister Softee's truck design. For all of these reasons, plaintiffs succeed on the merits of their infringement claim and have established a risk of irreparable harm. Accordingly, plaintiffs are entitled to permanent injunctive relief against defendants. See Mister Softee, Inc. v. Espinosa-Camacho, No. 12–CV–1422, 2013 WL 4774510, at *2 (D.N.J. Sept. 4, 2013) (granting permanent injunction where defaulting defendant "operated an ice cream truck that could easily be mistaken for a Mister Softee ice cream truck"); Guishan, Inc. v. Faith Ice, Inc., No. 08–CV–2407, 2010 WL 1223574, at *2–3 (E.D.N.Y. Mar. 22, 2010) (same).

### C. Attorneys' Fees and Costs

Pursuant to 15 U.S.C. § 1117(a), plaintiffs have requested a combined total of $10,205.36 in attorneys' fees and costs. (Mot. for Entry of J. by Default, ECF No. 15.) The billing records indicate that Adler Vermillion & Skocilich LLP charged plaintiff $756 in attorney's fees and $400 in costs, and that Fisher Zucker, LLC, charged plaintiff $8,430 in attorney's fees and $3,069 in various expenses. However, counsel for Fisher Zucker claims that plaintiffs "have incurred attorneys' fees with this firm in the amount of $9,049.36 in connection with this file." (Cert. of Frank A Reino, Esq. ¶ 5.) Counsel has not explained how he arrived at that figure. To confuse matters further, Fisher Zucker's bills include: (1) attorney and process server fees attributable to two defendants who plaintiffs voluntarily dismissed; (2) work on a preliminary injunction motion that was never filed; and (3) an unexplained "Outside Professional/Expert

4

Fee" for Adler Vermillion & Skocilich. After deducting those fees and costs, the Court awards plaintiffs $756 in attorneys' fees and $400 in costs for services rendered by Adler Vermillion & Skocilich, and $6,581 in attorneys' fees and $1,044.86 in costs for services rendered by Fisher Zucker, LLC. Each defendant shall be individually liable for $733 in attorneys' fees and $193.81 in costs, and jointly and severally liable for $5,138 in attorneys' fees and $863.43 in costs.

## III.   CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment is granted. The Court hereby:

1.  Permanently enjoins defendants, their agents, employees, and any person acting in concert with them from using Mister Softee, Inc.'s proprietary trademarks and trade dress or any colorable imitation in any manner whatsoever;

2. Orders defendants to destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the word and/or symbol that is the subject of the trademark or trade dress violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;  and

3. Orders defendants to make all appropriate alterations to their trucks so as not to use Mister Softee's proprietary trade dress or colorable imitation in any manner whatsoever and to provide proof to the plaintiffs that their infringing trucks have been de-identified no more than ten days after receiving notice of this order.

The Court also awards plaintiffs $7,337 in attorneys' fees and $1444.86 costs. Each defendant shall be individually liable for $926.81 in attorneys' fees and costs, and jointly and severally liable for $6001.43 in attorneys' fees and costs.

The Clerk of the Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Dated: January 26, 2015
Brooklyn, New York

/s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE